IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VLADIMERE BOHEMOND, | § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:23-cv-1973-K-BN |
| CITY OF DALLAS, | § § § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Vladimere Bohemond filed a *pro se* petition in a Dallas County justice court asserting retaliatory termination and invoking "Title VII of the Civil Rights Act." Dkt. No. 1-3 at 2. Defendant City of Dallas filed a general denial and affirmative defenses in the state court and then removed this case to federal court. *See* Dkt. No. 1-4 & Dkt. No. 1. And United States District Judge Ed Kinkeade referred the removed case to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

Five days after the City's removal, Bohemond filed a Motion to Dismiss Plaintiff's Title VII Claim with Prejudice and to Remand Back to State Small Claims Court [Dkt. No. 7] (the Motion).

The Court set deadlines to respond to the Motion, the City filed a response opposing the relief sought, Bohemond failed to file a reply, and the deadline to do so has passed. *See* Dkt. Nos. 8 & 11.

The undersigned enters these findings of fact, conclusions of law, and

recommendation that the Court should deny the Motion.

## Discussion

A defendant may remove an action filed in state court to federal court if the action is one that could have originally been filed in federal court. *See* 28 U.S.C. § 1441(a). The federal courts' jurisdiction is limited, and they generally may only hear a case of this nature if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332.

The City based its removal on the existence of a federal question. *See* Dkt. No. 1.

"Whether an action is removable based on federal question jurisdiction is determined by the allegations in the plaintiff's 'well-pleaded complaint' at the time of removal." *Tobacco & Wine, Inc v. Cnty. of Dall.*, 456 F. Supp. 3d 788, 791-92 (N.D. Tex. 2020) (citing *Medina v. Ramsey Steel Co.*, 238 F.3d 674, 680 (5th Cir. 2001)).

The litigants do not dispute that the allegations of the well-pleaded complaint raised a question of federal law at the time of removal. *See* Dkt. No. 11 at 2-3 & Dkt. No. 7 (seeking to eliminate the federal claim); *see also Chapman v. ADT LLC*, No. 3:22-cv-2188-D-BN, 2023 WL 6299861, at *2 (N.D. Tex. Aug. 25, 2023), *rec. adopted*, 2023 WL 6300577 (N.D. Tex. Sept. 27, 2023).

And even "[a] pleading amendment post-removal that removes all federal claims does not divest the federal court of jurisdiction and require remand to state court." *Tobacco & Wine*, 456 F. Supp. 3d at 793 (citing *16 Front St., L.L.C. v. Miss. Silicon, L.L.C.*, 886 F.3d 549, 559 (5th Cir. 2018)).

So the Court's jurisdiction is not at issue.

Turning to the Motion then, through it, Bohemond requests dismissal of the Title VII claims with prejudice and remand to state court but cites no basis for this relief.

As to the first request, the undersigned agrees with the City that, to the extent that Bohemond moves to voluntarily dismiss just the Title VII claims, Federal Rule of Civil Procedure 41(a)(2) is not the right procedural vehicle. *See* Dkt. No. 11 at 4 (citing *Orthoflex, Inc. v. Thermotek, Inc.*, Nos. 3:11-cv-870-D & 3:10-cv-2618-D, 2011 WL 4398279, at *1 (N.D. Tex. Sept. 21, 2011) ("Rule 41(a)(2) allows a plaintiff to request that the court dismiss '*an action* ... on terms that the court considers proper.' Because Thermotek does not seek to dismiss its 'action' against Wilford but instead seeks to dismiss only one of four claims, Rule 41(a)(2) does not control its motion. '[I]t has been held that when multiple claims are filed against a single defendant, Rule 41(a) is applicable only to the voluntary dismissal of all the claims in an action. A plaintiff who wishes to drop some claims but not others should do so by amending his complaint pursuant to Rule 15.'" (emphasis in original; citations omitted)).

Neither may Bohemond move to remand this case under 28 U.S.C. § 1447(c), as he has not shown either a lack of subject matter jurisdiction or that the City's removal of this action is defective for some other reason. *See, e.g., Chapman*, 2023 WL 6299861, at *1.

But, in construing the Motion, the Court must keep in mind that Bohemond is proceeding *pro se*, which generally requires the Court to hold his filings to a less

stringent standard than papers drafted and filed by an attorney. *Cf. Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) ("Having informed [a defendant] of the factual basis for their complaint, [a plaintiff is] required to do no more to stave off threshold dismissal for want of an adequate statement of their claim," so a plaintiff need not "set out a legal theory for the plaintiff's claim for relief." (cleaned up)).

The Motion reflects Bohemond's intent to drop the Title VII claims and return to state court.

And, while he may amend his complaint to eliminate the Title VII claims, even liberally construed, the Motion itself neither counts as an amended complaint nor does it otherwise comply with Federal Rule of Civil Procedure 15.

Relatedly, if Bohemond does seek leave to amend under Rule 15 in the future, he must attach to the motion a proposed amended pleading, as required by Local Civil Rule 15.1.

If such a proposed amended pleading was to eliminate the Title VII claims, only then, after hearing from the City, may the Court consider whether it should retain jurisdiction over any remaining state law claims. *See* 28 U.S.C. § 1367(c)(3); *Enochs v. Lampasas Cnty.*, 641 F.3d 155, 161-62 (5th Cir. 2011) ("A district court has 'wide discretion' in deciding whether it should retain jurisdiction over state law claims once all federal claims have been eliminated. Thus, we are right to hesitate in rejecting the district court's exercise of its discretionary authority, as the general rule of remanding state law claims to state court after all federal claims have been eliminated is 'neither mandatory nor absolute.' But such discretion is founded upon

and guided by a court's consideration of the prescribed statutory and common law factors. Our deference cannot stretch so far as to find no abuse of discretion where, as is the case here, all federal claims were deleted at the infancy of the case and the balance of the statutory and common law factors weighs heavily in favor of remand." (citations omitted)); *see also Franks v. East*, No. 1:07-CV108-SA-JAD, 2008 WL 4057078, at \*2-\*3 (N.D. Miss. Aug. 26, 2008).

## Recommendation

The Court should deny Plaintiff Vladimere Bohemond's Motion to Dismiss Plaintiff's Title VII Claim with Prejudice and to Remand Back to State Small Claims Court [Dkt. No. 7].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v.*

*United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 11, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE